**NOT FOR PUBLICATION**

**FILED**

MAY 26 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| MARCOS SEBASTIAN FRANCISCO PASQUAL; M. B. P. R.,<br><br>Petitioners,<br><br>v.<br><br>TODD BLANCHE, Acting Attorney General,<br><br>Respondent. | No. 25-2866<br><br>Agency Nos.<br>A220-505-637<br>A220-505-638<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 18, 2026**
Pasadena, California

Before: LEE, BUMATAY, and SUNG, Circuit Judges.

Marcos Sebastian Francisco-Pasqual and his minor child, natives and citizens

of Guatemala, seek review of the Board of Immigration Appeals' (BIA) dismissal of

his appeal of an Immigration Judge's (IJ) denial of their applications for asylum,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

When reviewing final orders of the BIA, we review the agency's findings of fact for substantial evidence. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). Under this standard, the agency's factual findings are considered "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (emphasis omitted). We review questions of law de novo. *Id.*

1. The agency did not err in finding that Francisco-Pasqual is not eligible for asylum because he has not established past persecution or an objectively reasonable fear of future persecution in Guatemala. "To be eligible for asylum, a petitioner has the burden to demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)).

Here, the record supports the agency's conclusion that Francisco-Pasqual failed to establish that he experienced past persecution. The extent of the mistreatment Francisco-Pasqual claims to have endured in Guatemala largely

---

[1] Francisco-Pasqual served as the lead applicant before the agency with his minor child serving as a derivative beneficiary. The minor child filed a separate asylum application; however, it was based on the same factual predicate as Francisco-Pasqual's application. Accordingly, references to Petitioners' claim will focus on the lead petitioner, Francisco-Pasqual.

consists of threatening incidents involving the family of Francisco Bernabe, an individual infatuated with Francisco-Pasqual's girlfriend and who would verbally abuse Francisco-Pasqual. Although the Bernabe family threatened to kill Francisco-Pasqual and chased him twice to hurt him, Francisco-Pasqual testified that they "didn't do anything to [him]." "[T]hreats themselves are sometimes hollow and, while uniformly unpleasant, often do not effect significant actual suffering or harm." *Sharma*, 9 F.4th at 1062 (quotation marks omitted). Accordingly, substantial evidence supports the BIA's conclusion that these incidents do not rise to the level of persecution. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (establishing that persecution is an "extreme concept that does not include every sort of treatment our society regards as offensive"); *Wakkary v. Holder*, 558 F.3d 1049, 1059–60 (9th Cir. 2009) (concluding that threats and beating by native Indonesians, without more, did not cumulatively amount to past persecution).

To establish a well-founded fear of future persecution, an applicant must show a "subjectively genuine" and "objectively reasonable" fear. *See Li v. Holder*, 559 F.3d 1096, 1102 (9th Cir. 2009). To satisfy the objective component "requires credible, direct, and specific evidence" that the applicant faces an individualized risk of persecution or that there is a pattern or practice of persecution against similarly situated individuals. *Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc); 8 C.F.R. § 1208.13(b)(2)(iii).

The record supports the agency's determination that Francisco-Pasqual failed to establish that he would be persecuted based on a pattern or practice of persecution against indigenous Mayans in Guatemala. This is the only future persecution issue Francisco-Pasqual exhausted on appeal before the BIA. The agency considered country conditions evidence in the record and acknowledged that the record reflects "discrimination and hostility towards" indigenous individuals. On the other hand, the record also reflects that the indigenous community is protected under Guatemalan law. On this record, the evidence does not compel the conclusion that there is a pattern or practice of persecution against indigenous Mayans in Guatemala. *See Wakkary*, 558 F.3d at 1061 (noting that evidence of widespread *discrimination* does not necessarily establish a pattern or practice of *persecution*).

2.     Because Francisco-Pasqual has not established a well-founded fear of future persecution to support his asylum claim, he necessarily is "not eligible for withholding of removal, which imposes a heavier burden of proof" for future persecution. *Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006); *see also Wakkary*, 558 F.3d at 1065.

3.     Substantial evidence supports the agency's determination that Francisco-Pasqual is not entitled to CAT protection. As to CAT relief, we consider "whether the alien is more likely than not to be tortured in the country of removal." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 704 (9th Cir. 2022) (quoting 8 C.F.R.

§ 1208.16(c)(4)). Francisco-Pasqual was not persecuted, let alone tortured, in the past. *See Hernandez v. Garland*, 52 F.4th 757, 769 (9th Cir. 2022) ("Demonstrating torture requires a much greater showing of harm than demonstrating persecution . . . ."). Additionally, the evidence does not compel the conclusions that he will be tortured in the future or that the government would acquiesce in any future torture.

**PETITION DENIED.**[2]

---

[2] The Motion to Stay Removal (Dkt. No. 2) is denied.